Steven C. Levi
10651 Republic Circle
Anchorage, AK 99515
907-440-7444



RECEIVED

JUL 15 2022

CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

Steven C. Levi,
      Plaintiff

vs.

Case No. 3:22-cv-00162-JMK

Anchorage School District

      Timothy Blake, Principal,
      Joy Chastagner, Labor Relations Generalist
      Deena Bishop, Former Superintendent of Anchorage School District

Municipality of Anchorage

      Frederick H. Boness, Former Municipal Attorney
      James Reeves, Former Municipal Attorney

State of Alaska

      Department of Labor and Workforce Development
      Susan Nichols, Investigator
      Rhonda Buness, Appeals Officer
      Patsy Westcott, Division Director
      Greg Cashen, SOA Assistant Director, Employment Security

      Division of Personnel
      Kate Sheehan, Division of Personnel
      Nancy Sutch, Division of Personnel

      Jahna Lindemuth, former Attorney General for the State of Alaska
      Heidi Drygas, former Commissioner of the Department of Labor
      Dr. Tamika Ledbetter, Commissioner of the Department of Labor
      Linda Mahoney, Commissioner of Revenue

Steven C. Levi, Pro Se
10651 Republic Circle
Anchorage, AK 99515
scl@parsnackle.com
907-440-7444

Page 1

Frank Pfiffner, SOA Alaska Court System

David Newman, ADA Director

Ralph R. Beistline, Federal District Judge

State of Alaska, 1 - 100

John Doe, 1 – 100

Jane Doe, 1 - 100

**COMPLAINT UNDER
THE CIVIL RIGHTS ACT
42 U. S. C. § 1983**

**COMPLAINT UNDER
CONSPIRACY AGAINST RIGHTS
18 U. S. C. § 241**

**COMPLAINT UNDER
BRIBERY OF PUBLIC OFFICALS AND
WITNESSES
18 U. S. C. § 201**

**COMPLAINT UNDER
ATTEMPT TO EVADE OR DEFEAT
TAX
26 U. S. C.  § 7201**

**COMPLAINT UNDER
FRAUD AND FALSE STATEMENTS
18 U. S.  C. § 7206**

**(NON-PRISONERS)**

A.      **Jurisdiction**

Jurisdiction is invoked under 28 U. S. C. § 1343(a)(3), 18 U. S. C. § 241, 18 U. S. C. § 201, 26 U. S. C.  § 7201 and 18 U. S. C. § 7206.

Steven C. Levi, Pro Se
10651 Republic Circle
Anchorage, AK 99515
scl@parsnackle.com
907-440-7444

Page 2

**B.    Parties**

1.  Plaintiff:  This complaint alleges the civil rights of Steven C. Levi who presently resides at 10651 Republic Circle, Anchorage, Alaska 99515 were violated by the actions of the individuals listed below

2.  Defendants:

1.  Timothy Blake, Principal, Nunaka Valley Elementary School
1905 Twining Drive
Anchorage, AK 99504

Timothy Blake is a citizen of Alaska and is employed as a Principal in the Anchorage School District. This person personally participated in causing my injury, and I want _____ (money damages)

Or

The policy or the custom of the Anchorage School District violates my rights and I seek injunctive relief.

2.  Joy Chastagner, Labor Relations Generalist, Anchorage School District
5530 E. Northern Lights Blvd
Anchorage, AK 99504

Joy Chastagner is a citizen of Alaska and is employed as a Labor Relations Generalist in the Anchorage School District. This person personally participated in causing my injury, and I want _____ (money damages)

Or

The policy or the custom of the Anchorage School District violates my rights and I seek injunctive relief.

3.  Deena Bishop, former Superintendent of the Anchorage School District
11122 June Agnes Circle
Eagle River, AK 99577

Steven C. Levi, Pro Se
10651 Republic Circle
Anchorage, AK 99515
scl@parsnackle.com
907-440-7444

Page 3

Deena Bishop is a citizen of Alaska and was Superintendent of the Anchorage School District. This person personally participated in causing my injury, and I want _____ (money damages)

Or

The policy or the custom of the Anchorage School District violates my rights and I seek injunctive relief.

4. Frederick H. Boness, former Municipal Attorney, Municipality of Anchorage
   2210 Banbury Drive
   Anchorage, AK 99504

Frederick H. Boness is a citizen of Alaska and was employed as the Municipal Attorney for the Municipality of Anchorage. This person personally participated in causing my injury, and I want _____ (money damages)

Or

The policy or the custom of the Municipality of Anchorage violates my rights and I seek injunctive relief.

5. James Reeves
   Holmes Weddle & Barcott, PC
   701 West Eighth Street
   Suite 700
   Anchorage, AK 99501

James Reeves is a citizen of Alaska and was employed as the Municipal Attorney for the Municipality of Anchorage. This person personally participated in causing my injury, and I want _____ (money damages)

Or

The policy or the custom of the Municipality of Anchorage violates my rights and I seek injunctive relief.

6. Susan Nicholas, Investigator, SOA Labor and Workforce Development
   3301 Eagle Street
   Suite 205
   Anchorage, AK 99503

Steven C. Levi, Pro Se
10651 Republic Circle
Anchorage, AK 99515
scl@parsnackle.com
907-440-7444

Susan Nicholas is a citizen of Alaska and is employed as an Investigator for the State of Alaska Labor and Workforce Development Office. This person personally participated in causing my injury, and I want _____ (money damages)

Or

The policy or the custom of the State of Alaska violates my rights and I seek injunctive relief.

7. Rhonda Buness, Appeals Officer 2, SOA Labor and Workforce Development
   Box 115509
   Juneau, AK 99811

Rhonda Buness is a citizen of Alaska and is employed as an Appeals Officer 2 for the State of Alaska Labor and Workforce Development Office. This person personally participated in causing my injury, and I want _____ (money damages)

Or

The policy or the custom of the State of Alaska violates my rights and I seek injunctive relief.

8. Jahna Lindemuth
   Cashion Gilmore & Lindemuth
   510 L Street
   Suite 601
   Anchorage, AK 99501

Jahna Lindemuth is a citizen of Alaska and was employed as the Attorney General of the State of Alaska. This person personally participated in causing my injury, and I want _____ (money damages)

Or

The policy or the custom of the State of Alaska violates my rights and I seek injunctive relief.

9. Heidi Drygas
   Drygas Group
   211 4th Street
   Suite 108
   Juneau, AK 99801

Steven C. Levi, Pro Se
10651 Republic Circle
Anchorage, AK 99515
scl@parsnackle.com
907-440-7444

Heidi Drygas is a citizen of Alaska and was employed as the Commissioner of the Department of Labor for the State of Alaska. This person personally participated in causing my injury, and I want _____ (money damages)

Or

The policy or the custom of the State of Alaska violates my rights and I seek injunctive relief.

10. Greg Cashen, Assistant Director, Employment Security
550 W 7th Ave
Suite 1930
Anchorage, AK 99501

Greg Cashen is a citizen of Alaska and is employed as the Assistant Director for Employment Security for the State of Alaska Department of Labor. This person personally participated in causing my injury, and I want _____ (money damages)

Or

The policy or the custom of the State of Alaska violates my rights and I seek injunctive relief.

11. Sheehan, Kate
Division Director – PX
DOP Directors Office
PO Box 110201
Juneau, AK 99811-0201

Kate Sheehan is a citizen of Alaska and is employed as the Division Director of the Division of Personnel for the State of Alaska Department of Labor. This person personally participated in causing my injury, and I want _____ (money damages)

Or

The policy or the custom of the State of Alaska violates my rights and I seek injunctive relief.

11. Nancy Sutch
Human Resource Consultant 6

Steven C. Levi, Pro Se
10651 Republic Circle
Anchorage, AK 99515
scl@parsnackle.com
907-440-7444

DOP
PO Box 110201
Juneau, AK 99811-0201

Nancy Such is a citizen of Alaska and is employed as a Human Resource Consultant by the Division of Personnel for the State of Alaska Department of Labor. This person personally participated in causing my injury, and I want _____ (money damages)

Or

The policy or the custom of the State of Alaska violates my rights and I seek injunctive relief.

12. Patsy Westcott
    Division Director – PX
    Labor and Workforce Development
    PO Box 115509
    Juneau, AK 99811-5509

Patsy Westcott is a citizen of Alaska and is employed as a Division Director for the State of Alaska Department of Labor. This person personally participated in causing my injury, and I want _____ (money damages)

Or

The policy or the custom of the State of Alaska violates my rights and I see injunctive relief.

13. Dr. Tamika Ledbetter
    State of Alaska Department of Labor
    Box 11149
    Juneau, AK 99811

Dr. Tamika Ledbetter is a citizen of Alaska and is employed as a Commissioner of Labor for the State of Alaska. This person personally participated in causing my injury, and I want _____ (money damages)

Or

The policy or the custom of the State of Alaska violates my rights and I seek injunctive relief.

Steven C. Levi, Pro Se
10651 Republic Circle
Anchorage, AK 99515
scl@parsnackle.com
907-440-7444

14. Lucinda Mahoney
   550 W 7th
   Suite 670
   Anchorage AK 99501

Lucinda Mahoney is a citizen of Alaska and is employed as the Commissioner of Revenue for the State of Alaska. This person personally participated in causing my injury, and I want _____ (money damages)

Or

The policy or the custom of the State of Alaska violates my rights and I seek injunctive relief.

15. Frank Pfiffner, Frank
   Judge Pro Tem
   550 W 7th Ave
   Suite 1100
   Anchorage, AK 99501

Frank Pfiffner is a citizen of Alaska and is employed as a Judge with the Alaska Court System. This person personally participated in causing my injury, and I want _____ (money damages)

Or

The policy or the custom of the State of Alaska violates my rights and I seek injunctive relief.

16. David Newman
   550 W 7th Avenue, Suite 1960
   Anchorage, AK 99501

David Newman is a citizen of Alaska and is employed as the Coordinator for the State of Alaska ADA. This person personally participated in causing my injury, and I want _____ (money damages)

Or

The policy or the custom of the State of Alaska violates my rights and I seek injunctive relief.

Steven C. Levi, Pro Se
10651 Republic Circle
Anchorage, AK 99515
scl@parsnackle.com
907-440-7444

17. Ralph R. Beistline
    U.S. District Court
    222 W 7th Ave
    Suite 49
    Anchorage, AK 99501

Ralph R. Beistline is a citizen of Alaska and is employed as Federal Judge in the United States District Court in Anchorage. This person personally participated in causing my injury, and I want _____ (money damages)

Or

The policy or the custom of the United States Judicial System violates my rights and I seek injunctive relief.


## C. Causes of Action

**Claim 1:** Failure to provide adequate instruction and assistance when filing unemployment claims and denial of plaintiff with disabilities due process.

Was violated by: one and all of State of Alaska defendants.

On three occasions before 2014, plaintiff received unemployment benefits from the State of Alaska. Plaintiff interpreted the reporting rules in the Unemployment Manual to read if someone made less than $50 per day, the amount did not have to be reported. Depending on the interpretation of 'daily,' the plaintiff could have made more than $50 per day during three periods of unemployment. This is in doubt as plaintiff was paid for teaching college classes and the start dates and actual paydays were so far apart that dividing pay received by days usually came out less than $50 a day. Further, the date the Plaintiff signed the teaching agreement further extends the period for which payment was made and thereby reducing the per day amount.

Plaintiff states the instructions were not available in print and had to be read online. Plaintiff had difficulty reading instructions on the internet. When plaintiff called for clarification, plaintiff was told to 'read the unemployment manual.' No staff offered accommodation. The State of Alaska's website writing not in precise, understandable language and does not meet ADA standards. It also makes no accommodation for the visually impaired.

Steven C. Levi, Pro Se
10651 Republic Circle
Anchorage, AK 99515
scl@parsnackle.com
907-440-7444

Page 9

Plaintiff had no intent to defraud. Plaintiff was filling out the paperwork following the manual guidelines. Plaintiff has a hearing difficulty and must wear hearing aids making the instructions from Department of Labor staff hard to hear. No accommodations under 42 USC Americans with Disability Act were provided.

On December 7, 2011, the State of Alaska Department of Labor allegedly determined that plaintiff was in violation of Department of Labor rules, But the Department of Labor did not contact plaintiff of the alleged violation in 2011. The Department of Labor also did not contact the plaintiff of the alleged violation the next two times plaintiff filed for unemployment. The plaintiff was only contacted in December of 2016, and then for back-charges for all alleged improper payments of unemployment benefits plus penalties.

Over the time period between December 7, 2011 and December of 2016, the State of Alaska made no attempt rectify the matter. Labor Department staff who are supposed to resolve such issues did not. Labor Department staff waited for five years for unknown reason. The instructions for filing for unemployment were inadequate. Plaintiff had no intent to violate statute and would not have if the instructions had been clear and Labor Department staff had informed plaintiff of the violation in 2011. The Labor Department did not listen to plaintiff's defense, proof being the sudden appearance of the case in court. Plaintiff is being treated differently that others with the same alleged violation of the $50 a day rule.

When the case was in State Court, plaintiff filed for a Jury Trial and filed Discovery. Plaintiff also requested Admissions. Plaintiff never received any documents requested in the Discovery and never received response to Admissions. Judge missed all arguments and responded to none of the deficiencies. Plaintiff also did not receive a Jury Trial. On October 9, 2017, Superior Court Judge Frank A. Pfiffner issued a DECISION AND ORDER affirming the Department of Labor's action requiring plaintiff "to repay overpaid benefits for the weeks at issue, and impos[ed] a monetary penalty of 50 percent of the overpaid benefit and a 52-week disqualification from receiving further benefits." Failure of the State of Alaska to allow a Jury Trial and respond to Plaintiff's filings for Discover and Admits is a violation of plaintiff's civil rights, Alaska Statue 18:80.210. The defendant did not reference any statute or direct plaintiff to any regulation.

The case was appealed to the Alaska Supreme Court, S-16876, which affirmed the Superior Court's decision on a *single* basis: Plaintiff made more than $50 per time period.

Plaintiff claims as follows:

Steven C. Levi, Pro Se
10651 Republic Circle
Anchorage, AK 99515
scl@parsnackle.com
907-440-7444

Page10

The OPINION of the Alaska Supreme Court states, on Page 2,

> Levi argues that he was not required to report his wages unless he earned more than $50 a day. But Levi's reading of the handbook is unreasonable; in any event, the governing statute requires a reduction in benefits whenever a claimant wages are more than $50 a week. Levi makes other arguments, but none of them have any merit.

Specifically regarding the wording of the first two sentences, Levi was required to read the Unemployment Manual which *does not state* the per day limit is $50 "a day." No time frame is given. The "a day" wording is in the State of Alaska statute but Levi *was not required* to read the Statute. Contrary to the OPINION, the reading of the handbook was not only "reasonable," it is required. The fact the Unemployment Manual wording is not in line with State Statute is an error of the State of Alaska, not the plaintiff.

Specifically regarding the wording of the last sentence, OPINION completely ignores three (3) critical facts:

> First, this case should never have been brought to court in the first place. There was a failure to serve parties in administrative hearings. There was also a failure to provide notice and ruling did not contain any accommodation references. The State of Alaska Department of Labor violated AS 23.20.390 by failing to

> > promptly prepare and deliver or mail to the individual at the individual's last address of record a notice of determination of liability declaring that the individual has been determined liable to refund the amount of benefits to which the individual is not entitled. The amount, if not previously collected, shall be deducted from future benefits payable to the individual.

> Second, the State of Alaska gave tacit consent to the plaintiff by failing to notify plaintiff of the alleged shortcomings two (2) more times when plaintiff filed for a received unemployment benefits. Department of Labor staff whose job it was – and is – to inform unemployment recipients of errors did not do so. If Department of Labor staff did for other individuals, they did not do so with plaintiff so plaintiff was treated differently than others in the same situation.

> Third, the State of Alaska failed to commence pursuit of repayment of the alleged debt "within three years after the cause of action," AS 45.04.111. There are two proofs the State of Alaska considers the money in question a debt. First, plaintiff is receiving monthly bills from the State of Alaska Department of Labor demanding payment of a debt. Second, plaintiff's Permanent Fund Dividends (PFD) are being garnished pursuant to a written order from the State of Alaska, Department of Labor for payment of an alleged debt. The Department of Labor

Steven C. Levi, Pro Se
10651 Republic Circle
Anchorage, AK 99515
scl@parsnackle.com
907-440-7444

Page 11

did not and has not provided plaintiff of any accommodations that could be or are available.

Further, plaintiff has made clear in letters to successive Attorney Generals over the past three years that garnishment of plaintiff's PFDs is a violation of both the United States Constitution and the State of Alaska Constitution because plaintiff has yet to be found guilty. There has been no action by the Attorney Generals so plaintiff has extinguished his administrative remedies.

Additionally, on Page 6 and throughout the OPINION, are references to "a conflict of interest based on an alleged mortgage fraud scheme perpetrated by Wells Fargo." This is a matter which is in legal doubt for two reasons. First, denial of the plaintiff's two (2) motions for Discovery and Admissions eliminated Plaintiff's ability to prove the "fraud scheme." Plaintiff filed two (2) Discovery motions and two (2) Admissions motions which were neither ordered or denied by the Superior Court. Levi was simply found guilty. Levi was denied both Motions for Discovery and Admits, a violation of Alaska Court Rule 6.

Plaintiff filed a motion for a Trial by Jury. The motion was neither granted nor denied. Plaintiff was simply found guilty by the Superior Court. Of significance to this appeal, on Page 8 of the OPINION is the statement: "The superior court denied the motion." This is in error. Plaintiff never received a denial of that motion.

On Page 17 and 19, the OPINION states plaintiff was not entitled to a jury trial. The OPINION alleges the matter is an "administrative appeal" and therefore plaintiff was "not entitled to a jury trial in an administrative appeal." There is no specifiĉ writing in Alaska R. App. P. 601 which *excludes* a jury trial. Further, under Judicial Relief in Administrative Manners, 44.62.305 (b), "A person may seek judicial relief under (a) of this section by filing a petition in the superior court." The refusal of a jury trial to plaintiff is an error that was not considered by the Alaska Supreme Court to *have any merit* – and a specific violation of the United States Constitution. The motion could have been a petition because no one consulted plaintiff for clarification.

Further, on Page 17, the OPINION justifies the State of Alaska's position by referencing Carlson V. Renkes. Plaintiff asserts this reference is not applicable and is irrelevant. Carlson, the plaintiff in Carlson V. Renkes, was petitioning the court for relief in an administrative network in which he was involved. The plaintiff in this case was *a defendant* in the initial case in the Alaska Superior court and was/is not in the administrative network of the State of Alaska. The case against the plaintiff in this case ceased being an administrative matter when the State of Alaska filed the legal case.

Page12

Steven C. Levi, Pro Se
10651 Republic Circle
Anchorage, AK 99515
scl@parsnackle.com
907-440-7444

**Claim 2:** Failure of the State of Alaska and the Municipality of Anchorage and the Anchorage School District and the Alaska Federal District Court to take the mortgage fraud of Wells Fargo seriously and investigate the matter. This has encouraged other employers, specifically the Municipality of Anchorage, the Anchorage School District to discriminate against the plaintiff with impunity. The Attorney General's office has a duty to look into acts of fraud and dishonesty and make referrals to the appropriate State and Federal authorities. The attorneys have a duty and obligation as mandatory reporters and officers of the court. These State and Municipal actors are accountable and cannot summarily dismiss the plaintiff's claims. Further, the State of Alaska Department of Law has a specific Consumer Protection Section to investigate such matters. It failed to do so.

Was violated by: one and all defendants.

Plaintiff has suffered and is suffering unemployment and the impugning of his character because plaintiff reported specific instances of alleged mortgage fraud – "gift mortgages" and income tax evasion to the IRS, FBI and the Federal Housing Finance Administration. Many of the individuals who have received these gift mortgages were in a position to deny plaintiff employment, administrative hearings, Discovery, Admits, Jury Trial Due Process and to be treated equally before the law.

The existence of gift mortgages is central to plaintiff's plea. A "gift mortgage" is a mortgage a bank gives for the purpose of currying favor for the bank or a person legally associated with the bank. The process is simple. The bank or the person legally associated with the bank provides an individual with a mortgage knowing the loan will be "gifted" over a very short period of time. The bank borrows the money for the mortgage from the federal government and the individual signs the mortgage documents. A short time later, the bank informs the federal government the borrower has defaulted on the loan. The federal government writes off the loan as uncollectable. Then the bank gives the individual a Deed of Reconveyance. The federal government does not verify the defaulted loan so the individual is free to get another "gift mortgage," sometimes within days. Since paying off a debt is not income, the individual receiving the "gift mortgage" does not have to report the acquisition of the property as income. In some cases, this process is used multiple times allowing the borrower to end up with a free home and cash with no income tax due. There is evidence these "gift mortgages" have been used for investment properties, business buildings and development structures as well as residential properties. Plaintiff contends "gift mortgages" are mortgage fraud and the State of Alaska has not declared them mortgage fraud thus allowing the practice to continue.

Steven C. Levi, Pro Se
10651 Republic Circle
Anchorage, AK 99515
scl@parsnackle.com
907-440-7444

Page 13

Because of the financial propriety of mortgage documents, "gift mortgages" are subject of speculation. If an individual receives a mortgage and a Deed of Reconveyance the same day, it is assumed a "gift mortgage" has been given. If an individual receives the Deed of Conveyance before receiving the mortgage, it can also be assumed that the "gift mortgage" has been issued. If property has a 20-year loan which vanishes after two years and there is no indication of refinance, it can also be assumed a "gift mortgage" has been issued. The pattern of discrimination against the plaintiff coupled with the pattern of "gift mortgage" are proof of ongoing discrimination. Plaintiff's civil right to due process has been violated.

The actions of the State of Alaska have made it impossible for plaintiff to find employment. Further, the failure of the State of Alaska to take the mortgage fraud of Wells Fargo seriously and investigate has encouraged other employers, specifically the Municipality of Anchorage, the Anchorage School District, Southcentral Foundation and APEA/AFT to discriminate against plaintiff with impunity. Plaintiff is still seeking employment years after the State of Alaska violated plaintiff's civil rights. This delay has caused plaintiff's physical and mental stress, exacerbated conditions protected, violated Federal regulations regarding access to courts by people with disability, ADA, marital discord and financial difficulties.

## A. Previous Lawsuits
1. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action, or otherwise relating to your imprisonment?
   ___**XXXYes;** lawsuit in State Court to recover three (3) years of PFDs and order the State of Alaska to cease and desist discriminating against plaintiff.

## F. Request for Relief

Plaintiff request that this court grant the following relief:

1. Damages for lost wages and benefits since 1995 from the State of Alaska, Municipality of Anchorage and Anchorage School District at the appropriate rate based on education and experience to be determined.
2. Punitive Damages in the amount of $10 million.
3. A court clarification of gift mortgages definitively stating "gift mortgages" and their relation to mortgage fraud.
4. A court order guaranteeing plaintiff Federal Whistleblower and Qui Tam percentages.

Steven C. Levi, Pro Se
10651 Republic Circle
Anchorage, AK 99515
scl@parsnackle.com
907-440-7444

Page14

5. A court order ending the discrimination of plaintiff and business associates by any and all people, department, divisions and offices of the State of Alaska, Municipality of Anchorage and the Anchorage School District.
6. Protection from further retaliation.
7. A court order for the State of Alaska to bring its manuals and instructions in all departments, divisions and office in line with Alaska Statute and the ADA Compliance Program.
8. A referral to the FBI and the IRS and the Federal Housing Finance, Banking and Securities Administration to undertake an immediate, comprehensive investigation and prosecution of "gift mortgages" in all states.
9. Additional relief as the court finds appropriate.

## DECLARATON UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above civil rights complaint and that the information contained is the complaint is true and correct.

Executed at Anchorage, Alaska on July 14, 2022

Steven C. Levi, Plaintiff

Steven C. Levi, Pro Se
10651 Republic Circle
Anchorage, AK 99515
scl@parsnackle.com
907-440-7444